**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JIANXIONG CHEN,

Petitioner,

v. No. 1:26-cv-03487-KG-GJF

JEFFERY FIKES, Warden,
Cibola County Correctional Center; et al.,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**
**AND DIRECTING RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER**

This matter is before the Court on Petitioner Jianxiong Chen's Petition for a Writ of Habeas Corpus ("Petition"), filed October 16, 2026. *See* Doc. 1. Petitioner challenges his continued detention allegedly pursuant to 8 U.S.C. § 1225(b)(2)(A). Doc. 1 at 1-2. For the reasons set forth below, the Court grants the Petition.

Petitioner is a lawful permanent resident. His Permanent Resident Card does not expire until February 28, 2033. *Id.* at 7. Before his detention, Petitioner resided in Kent, Washington and operated a cannabis farm licensed by Washington State. *Id.* at 7-8. On July 20, 2026, Petitioner traveled to Canada for the day to shop. *Id.* at 8. On his return into the United States, U.S. Customs and Border Protection agents questioned Petitioner about his occupation and business. *Id.* at 8. The Department of Homeland Security ("DHS") then detained Petitioner on the assertion that his involvement in his cannabis business "can be seen as" an offense under 8 U.S.C. § 1182(a)(2)(C), thereby rendering him an arriving alien under § 1101(a)(13)(C). The Notice to Appear served on Petitioner did not state he was a lawful permanent resident and does not cite § 1101(a)(13)(C). *Id.* at 9; Doc. 1-3 at 2-5. DHS instead charges Petitioner with inadmissibility pursuant to §

1182(a)(2)(C)(i) as an "illicit trafficker of controlled substances." Doc. 1-3 at 4. DHS did not charge Petitioner with any conviction-related grounds of inadmissibility. *Id.*

Following his detention, Petitioner requested a custody redetermination. On September 9, 2026, an immigration judge ("IJ") denied Petitioner's request on the grounds that he is "properly classified as an 'arriving alien.'" Doc. 1-6 at 2. The IJ further reasoned that Petitioner plead guilty to the manufacture of marijuana under § 1182(a)(2)(A)(i). *Id.* DHS did not charge Petitioner as inadmissible under § 1182(a)(2)(A)(i). *See* Doc. 1-3.

Petitioner asserts that his detention is unlawful because he is not an arriving alien seeking admission pursuant to § 1225(b)(2)(A). Petitioner contends that he cannot be deemed as "seeking admission" because he has lawful permanent resident status. Doc. 1 at 11-12. He further argues that the enumerated exceptions to his lawful permanent residence status under § 1101(a)(13)(C) do not apply. *Id.* at 12-14. Petitioner admits that he pleaded guilty in 2019 to solicitation, but this conviction does not supply reason to believe he is now an illicit trafficker. DHS does not charge Petitioner with a conviction-based ground for inadmissibility. *Id.* at 14; Doc. 1-3 at 4. Petitioner therefore claims that his detention is in violation of the Immigration and Nationality Act as he is detained without any statutory authority. Doc. 1 at 19-21. Petitioner further argues that the Fifth Amendment Due Process Clause protects a lawful permanent resident from detention without any procedural safeguards. Doc. 1 at 14-17. He therefore asserts that Respondents have violated his Fifth Amendment Due Process rights by detaining him without any custody determination. Doc. 1 at 17-18.

Respondents do not contest the facts presented in the Petition. *See* Doc. 6 at 1. Rather, "Respondents are not submitting a brief in opposition to the petition or detailing the facts and circumstances of this case." *Id.* "Respondents recognize that the Court may then decide to grant the Petition and award appropriate relief, including ordering the release of Petitioner." *Id.*

In light of Respondents' non-opposition, the Court grants the Petition and orders Petitioner's immediate release. In habeas corpus proceedings, "a federal court 'possesses power to grant *any form of relief necessary* to satisfy the requirement of justice.'" *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (quoting *Levy v. Dillon*, 415 F.2d 1263, 1265 (10th Cir. 1969)). Immediate release is the appropriate remedy for the due process violation in this case. *See Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("The typical remedy for [unlawful executive] detention is, of course, release."); *cf. Cruz-Reyes v. Bondi*, 818 F. Supp. 3d 875, 887 (S.D. Tex. 2026) ("Ordering a bond hearing under § 1226(a), after [petitioner] has been taken into custody, cannot make up for the lack of an initial, individualized determination process by ICE.").

It is hereby ordered:

1. Respondents shall release Petitioner from custody within 48 hours of this Order.
2. Upon Petitioner's release, Respondents must return all of his property, including any identification documentation that was in his possession when he was detained. Respondents shall provide a copy of this Order to Petitioner.
3. Respondents must file a status report within five (5) business days of this Order's filing to certify their compliance.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.